UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re ex parte Application of Natica Shipping Ltd., : Case No. 12-misc-240-P1

---

 :

# DECLARATION OF TIMOTHY S. PFEIFER IN SUPPORT OF MOTION

I, Timothy S. Pfeifer, hereby declare as follows:

1. I am a partner at the law firm of Baker & Hostetler LLP, counsel to RTI Limited ("RTI"), United Company Rusal PLC, Alumina & Bauxite Co. Ltd. ("Albaco"), Rual Trade Ltd., Calibre Properties Worldwide Ltd., and Mont Cervin – Consultadoria E Servicos Unipessoal LDA, the movants in this action (the "Rusal Parties"). The Rusal Parties are members of the United Company Rusal PLC group of companies ("Rusal Group").

2. As an attorney of record, I am fully familiar with this case and the facts set forth herein. I have personal knowledge of the matters stated in this Declaration.

3. I submit this Declaration in support of the Rusal Parties' Motion dated November 28, 2012 ("Motion"), seeking to: (i) reopen and intervene in this action (the "Natica Action"); (ii) vacate the Court's July 17, 2012 order (the "1782 Order") granting Natica Shipping Ltd.'s ("Natica") application for discovery under 28 U.S.C. § 1782(a); and (iii) quash the subpoenas ("Subpoenas") issued thereunder.

4. In the alternative to vacatur of the 1782 Order and quashing of the Subpoenas, the Rusal Parties have requested that the Subpoenas be limited or modified or that this Court enter a protective order. Prior to bringing the Motion, counsel for the Rusal Parties conferred with

1

counsel for Natica on several occasions to negotiate a stipulation concerning confidentiality and use of any information obtain in response to the Subpoenas.

5.   On August 6, 2012, after learning of the 1782 Order, counsel for the Rusal Parties submitted a letter (the "RTI Letter") to the Honorable Paul A. Crotty, United States District Court Judge for the Southern District of New York, and the Honorable John G. Koeltl, United States District Court Judge for the Southern District of New York, regarding the 1782 Order and a prior filing by RTI for assistance under Section 1782(a) which remains unresolved in the Southern District of New York (the "RTI Action").  See In re ex parte Application of RTI Limited to Take Discovery for Use in Actions Pending in the District Court of Nicosia, Cyprus, and Anticipated in the Court of Moscow, Russia, No. 12-mc-119-P1 (S.D.N.Y. filed April 13, 2012) ("In re RTI").  Judge Crotty was the sitting Part I Judge who entered the 1782 Order, and Judge Koeltl previously presided over a challenge to an order under Section 1782(a) in the RTI Action brought by Natica and several affiliated individuals and companies (collectively, the "Natica Affiliates").  In the RTI Letter, RTI requested that the Natica Action be transferred to Judge Koeltl, sought guidance as to which judge RTI should direct its challenge to the 1782 Order, and requested the entry of a protective order.

6.   On July 18, 2012, one day after the filing of the Natica Application, the Second Circuit Court of Appeals issued an emergency stay in the Natica Affiliates' appeal of the RTI Action.  See In re ex parte Application of RTI Limited to Take Discovery for Use in Actions Pending in the District Court of Nicosia, Cyprus, and Anticipated in the Court of Moscow, Russia, No. 12-2474 (2d Cir. entered July 18, 2012) ("In re RTI (2d Cir.)") [Dkt. 39].  Later that day, counsel for Natica contacted counsel for RTI by phone and email to discuss the emergency

stay order. At no point prior to the filing of the RTI Letter, including the phone conversation on July 18, 2012, did counsel for Natica alert counsel for RTI to the filing of the Natica Application.

7. On August 7, 2012, counsel for Natica submitted a letter (the "Natica Letter") to Judges Crotty and Koeltl in response to the RTI Letter. In this letter, counsel for Natica indicated it was amenable to a protective order in the case.

8. On August 10, 2012, Judge Crotty filed an endorsed copy of Natica's letter indicating that the Natica Application is a Part I matter and all further inquiries should be directed to the sitting Part I judge. This endorsed copy was not served on RTI and the Rusal Parties remained unaware of the endorsement until counsel for Natica forwarded a copy of the endorsed letter via email on September 7, 2012.

9. On September 6, 2012, Judge Koeltl filed an endorsed copy of the RTI Letter indicating that he was not transferring the case. On that same date, counsel for Natica and counsel for the Rusal Parties participated in a conference call to discuss the terms of a stipulation concerning the confidentiality and use of information received in response to the Subpoenas.

10. On September 7, 2012, counsel for the Rusal Parties forwarded a draft stipulation to counsel for Natica for review. This draft stipulation tracked the language of a similar confidentiality stipulation so ordered on May 31, 2012 (the "RTI Confidentiality Stipulation") entered between RTI and Natica Affiliates. The draft stipulation provided the following: "Pending resolution of the Motion, counsel for Natica will retain in its possession for 'Attorneys' eyes only' and not share with Natica or otherwise disseminate any production of information or documents produced in response to the subpoenas on or after September 6, 2012." Counsel for Natica indicated that they would consult with Natica regarding the terms of the stipulation.

11. On September 11, 2012, counsel for RTI mailed letters to each of the recipients of the Subpoenas: Bank of America N.A., the Bank of New York Mellon Corporation, JPMorgan Chase Bank N.A., Deutsche Bank Trust Company Americas, and Citibank, N.A. (the "Domestic Banks"). These letters indicated that RTI and the Rusal Group objected to the Subpoenas and requested that each of the Domestic Banks take action to protect the Rusal Group's confidential financial information. On September 13, 2012, counsel for RTI mailed a second, identical letter to a separate service address for Bank of America N.A.

12. On October 3, 2012, counsel for Natica contacted counsel for the Rusal Parties by email and indicated that Natica would execute the proposed stipulation, but required that the stipulation become effective only as to responses to the Subpoenas on or after October 3, 2012.

13. On October 4, 2012, counsel for the Rusal Parties and counsel for Natica participated in a telephone conference to discuss Natica's proposed terms for the confidentiality stipulation and indicated that the Rusal Parties could not agree to Natica's terms due to the proposed effective date, which would place no restrictions on documents produced in response to the Subpoenas for the more than two month period between July 17, 2012 and October 3, 2012. Counsel for the Rusal Parties requested that the effective date be September 6, 2012, the date on which negotiations for the stipulation commenced. Counsel for Natica indicated that they would confer with their client.

14. On October 9, 2012, counsel for Natica contacted counsel for the Rusal Parties by email and indicated again that Natica would not execute the proposed stipulation with an effective date prior to October 3, 2012.

15. On October 26, 2012, counsel for Natica and the Rusal Parties participated in a telephone conference during which counsel for the Rusal Parties again indicated that the Rusal

Parties could not agree to Natica's terms due to the proposed effective date of the stipulation. Counsel for Natica again indicated that they would confer with their client to determine if any alternate terms were possible.

16.     On November 16, 2012, counsel for the Rusal Parties and counsel for Natica participated in another telephone conference. During this call, counsel for Natica indicated that they had received responses to the Subpoenas and distributed these responses to Natica prior to their receipt of the draft stipulation from counsel for the Rusal Parties on September 6, 2012. Counsel for Natica also indicated that they had received responses to the Subpoenas after September 6, 2012, the proposed effective date of the draft stipulation which was then in their possession. Regardless of the proposed effective date of September 6, 2012, counsel for Natica transmitted these responses to Natica after that date. Because counsel for Natica waited to respond to counsel for the Rusal Parties regarding the proposed effective date of the stipulation and later demanded an effective date in October 2012, counsel for Natica was able to transmit the Subpoena responses received after negotiation of the stipulation commenced to Natica without restriction. The proposed confidentiality stipulation the parties have been negotiating, therefore, will have no effect on the documents received and shared with Natica prior to October 3, 2012. The Rusal Parties will not agree to these terms.

17.     Also during the November 16, 2012 call, counsel for Natica indicated that: (i) three of the Domestic Banks have produced documents to Natica free of any restrictions on their use or distribution; (ii) Deutsche Bank Trust Company Americas has produced documents subject to its own confidentiality stipulation with Natica, see Confidentiality and Nondisclosure Stipulation, In re Natica Shipping Ltd., No. 12-mc-240-P1 (S.D.N.Y. Aug. 22, 2012)[Dkt. 7];

and (iii) The Bank of New York Mellon Corporation has indicated that it will not produce documents until Natica and the Rusal Parties have settled their dispute regarding the 1782 Order.

18. Attached hereto as Exhibit 1 is a true and correct copy of the application (the "RTI Application") and supporting documents filed by RTI in the Southern District of New York seeking discovery under 28 U.S.C. § 1782 in In re RTI, No. 12-mc-119-P1 (S.D.N.Y. filed April 13, 2012) [Dkt. 1].

19. Attached hereto as Exhibit 2 is a true and correct copy of the memorandum of law in support of the RTI Application filed in In re RTI, No. 12-mc-119-P1 (S.D.N.Y. filed April 13, 2012) [Dkt. 2].

20. Attached hereto as Exhibit 3 is a true and correct copy of the memorandum of law in support of a motion (the "Natica Motion to Vacate") filed by Natica Shipping Ltd., Dmitry Osipov, Aldi Marine Ltd., Mercury Shipping & Trading Ltd., RANS Chartering Ltd., and Maguire International Ltd. (as previously defined, the "Natica Affiliates") in In re RTI, No. 12-mc-119-P1 (S.D.N.Y. filed May 29, 2012) [Dkt. 8].

21. Attached hereto as Exhibit 4 is a true and correct copy of the declaration by Ms. Katia Kakoulli in support of the Natica Motion to Vacate in In re RTI, No. 12-mc-119-P1 (S.D.N.Y. filed May 29, 2012) [Dkt. 9].

22. Attached hereto as Exhibit 5 is a true and correct copy of the RTI Confidentiality Stipulation between RTI and the Natica Affiliates in In re RTI, No. 12-mc-119-P1 (S.D.N.Y. entered June 1, 2012) [Dkt. 12.]. The stipulation was executed by the parties on May 30, 2012 and so ordered by Judge Koeltl on May 31, 2012.

23.     Attached hereto as Exhibit 6 is a true and correct copy of the reply memorandum of law in support of the Natica Motion to Vacate filed by the Natica Affiliates in In re RTI, No. 12-mc-119-P1 (S.D.N.Y. filed June 8, 2012) [Dkt. 21].

24.     Attached hereto as Exhibit 7 is a true and correct copy of the transcript of the hearing before Judge Koeltl held on June 12, 2012 in In re RTI, No. 12-mc-119-P1 (S.D.N.Y. entered July 26, 2012) [Dkt. 31].

25.     Attached hereto as Exhibit 8 is a true and correct copy of the order (the "Denial Order") denying the Natica Motion to Vacate entered by Judge Koeltl on June 13, 2012, in In re RTI, No. 12-mc-119-P1 (S.D.N.Y. entered June 13, 2012) [Dkt. 27].

26.     Attached hereto as Exhibit 9 is a true and correct copy of the motion (the "Emergency Stay Motion") filed by the Natica Affiliates in the Second Circuit Court of Appeals on June 21, 2012 in In re RTI (2d Cir.), No. 12-2474 (2d Cir. filed June 21, 2012) [Dkt. 8].

27.     Attached hereto as Exhibit 10 is a true and correct copy of the reply memorandum of law in support of the Emergency Stay Motion filed by the Natica Affiliates in In re RTI (2d Cir.), No. 12-2474 (2d Cir. filed July 2, 2012) [Dkt. 26].

28.     Attached hereto as Exhibit 11 is a true and correct copy of the Appellants' Brief and Special Appendix filed by the Natica Affiliates in In re RTI (2d Cir.), No. 12-2474 (2d Cir. filed August 21, 2012) [Dkt. 53].

29.     Attached hereto as Exhibit 12 is a true and correct copy of the RTI Letter, dated August 6, 2012, to Judges Koeltl and Crotty from Timothy S. Pfeifer of Baker & Hostetler LLP.

30.     Attached hereto as Exhibit 13 is a true and correct copy of the Natica Letter, dated August 7, 2012, to Judges Koeltl and Crotty from George M. Chalos of Chalos & Co., P.C.

31. Attached hereto as Exhibit 14 is a true and correct copy of the endorsed copy of the Natica Letter, dated August 10, 2012 and bearing the following endorsement by Judge Crotty: "This is a Part I matter and any dispute arising out of compliance / enforcement of the application under 28 USC § 1782 must be made to the Part I Judge. So Ordered." In re Application of Natica Shipping Ltd., No. 12-mc-240-P1 (S.D.N.Y. entered Aug. 10, 2012) [Dkt. 6].

32. Attached hereto as Exhibit 15 is a true and correct copy of the endorsed copy of the RTI Letter, dated September 6, 2012 and bearing the following endorsement by Judge Koeltl: "No further action is required by this Court and no subsequent action should be transferred to this Court." In re RTI, No. 12-mc-119-P1 (S.D.N.Y. entered Sept. 6, 2012) [Dkt. 33].

33. Attached hereto as Exhibit 16 is a true and correct copy of a letter to The Bank of New York Mellon Corporation dated September 11, 2012 from Timothy S. Pfeifer of Baker & Hostetler LLP.

34. Attached hereto as Exhibit 17 is a true and correct copy of a letter to Citibank N.A. dated September 11, 2012 from Timothy S. Pfeifer of Baker & Hostetler LLP.

35. Attached hereto as Exhibit 18 is a true and correct copy of a letter to JPMorgan Chase Bank N.A. dated September 11, 2012 from Timothy S. Pfeifer of Baker & Hostetler LLP.

36. Attached hereto as Exhibit 19 is a true and correct copy of a letter to Deutsche Bank Trust Company Americas dated September 11, 2012 from Timothy S. Pfeifer of Baker & Hostetler LLP.

37. Attached hereto as Exhibit 20 is a true and correct copy of a letter to Bank of America N.A. dated September 11, 2012 from Timothy S. Pfeifer of Baker & Hostetler LLP.

38. Attached hereto as Exhibit 21 is a true and correct copy of a letter to Bank of America N.A. dated September 13, 2012 from Timothy S. Pfeifer of Baker & Hostetler LLP.

39. Attached hereto as Exhibit 22 is a true and correct copy of the reply brief in support of the appellants' appeal filed by the Natica Affiliates in In re RTI (2d Cir.), No. 12-2474 (2d Cir. filed Oct. 9, 2012) [Dkt. 64].

Under 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing statements made by me are true and correct.

Dated: New York, New York
November 28, 2012

_____
Timothy S. Pfeifer
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
Email: tpfeifer@bakerlaw.com